UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG K. GARRETT, CDCR #K-95956,<br><br>                                 Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, Secretary of Corrections for CDCR; DANIEL PARAMO, Warden, PATRICK COVELLO, Chief Deputy Warden, SIGALA, Correctional Guard; DURAN, Correctional Guard; Sgt. SALAS, Correctional Guard; LARIOS, Correctional Guard; BUENROSTRO, Correctional Guard; OROZCO, Correctional Guard,<br><br>                               Defendants. | Case No.  3:21cv00265-WQH-MDD<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 3]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

      Plaintiff Craig K. Garrett, now incarcerated at California State Prison, Los Angeles County ("LAC"), California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Garrett did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint, *see* ECF No. 2, but he has since filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 3.

1

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Garrett, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in monthly installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 535–36 (2015). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005); *Coleman*, 575 U.S. at 534. "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews*, 398 F.3d at 1116 n.1; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *see also Coleman,* 575 U.S. at 535 (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153

(9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "A strike-call under Section § 1915(g) [] hinges exclusively on the basis for the dismissal." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25 (2020).

Once a prisoner has accumulated three strikes, Section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

B.  **Discussion**

Garrett's Complaint alleges that the former Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and various wardens and correctional officials at Richard J. Donovan Correctional Facility ("RJD") violated his First and Eighth Amendment rights while he was incarcerated there in 2018. *See* Compl., at 1, 4–14. Specifically, Garrett contends prison staff at RJD orchestrated a campaign of harassment against him by paying another prisoner in tobacco to assault him with a weapon on June 7, 2018, fabricating disciplinary offenses against him, placing him in segregation, and removing him from a job assignment, all in retaliation for his having previously filed a civil suit against a CDCR doctor and "numerous grievances and (Form 22) request[s] for interview . . . highlighting each [act of] harassment." *Id.* at 6. However, Garrett includes no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury'" at the time he filed his Complaint in this case on February 11, 2021. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

/ / /

Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury or generalized fears of possible future harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056.

Here, Garrett's claims of an orchestrated inmate attack, retaliatory disciplinary confinement, and a campaign of harassment on the part of prison officials at RJD, which occurred more than three years prior to the filing of his Complaint in this case, clearly fail to qualify for § 1915(g)'s imminent danger exception. *See Cohea v. Davey,* No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), *reconsideration denied*, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020); *Moten v. Sosa*, No. 2:17-cv-0068-JAM-ACP, 2018 WL 571939, at *3 (E.D. Cal. Jan. 26, 2018) (finding allegations that a guard "labeled [plaintiff] a snitch-rat" and thereby "exposed [him] to emotional or physical harm from other prisoners" more than a year before the complaint was filed failed to satisfy § 1915(g)'s exception for cases involving imminent danger), *report and recommendation adopted*, 2018 WL 5883933 (E.D. Cal. Nov. 9, 2018); *Byrd v. Dir. of Corr.*, No. 3:15-cv-2339-GPC-KSC, 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding prisoner's allegations of having been denied access to court and discriminated against based on race and religion insufficient to invoke § 1915(g)'s imminent danger exception); *Gonzales v. Castro*, No. 1:09-cv-01545-AWI-MJS-PC, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010) (report and recommendation finding single incident of excessive force and allegations of retaliation occurring three months before filing of complaint insufficient to show "real danger" or an "ongoing threat"), *report and recommendation adopted*, 2010 WL 3341862 (E.D. Cal. Aug. 25, 2010). "Although prison can undoubtedly be a

dangerous place, incarceration alone does not satisfy the requirement of 'imminent danger of serious physical injury' for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule." *Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017) (citation omitted).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Thus, this Court takes judicial notice of federal court docket proceedings available on PACER[1] and finds that Plaintiff Craig K. Garrett, identified as CDCR Inmate #K-95956, while incarcerated, has had five prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

> 1) *Garrett v. Duncan*, Civil Case No. 2:02-cv-01923-ABC-SGL (C.D. Cal., West. Div., March 28, 2002) (Minute Order sua sponte dismissing Complaint based on Plaintiff's admissions of non-exhaustion pursuant to 42 U.S.C. § 1997e(a)) (ECF No. 5 at 1) (strike one);[2]

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[2] *See El Shaddai*, 833 F.3d at 1043–44 (noting that in those "rare cases where a failure to exhaust is clear from the face of the complaint," dismissal may be proper under Fed. R. Civ. P. 12(b)(6) and therefore count as a "strike" for failure to state a claim under § 1915(g)) (citing *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc)); *see also Cruz v. Pierston, et al.*, Civil No. 19-cv-08039-HSG, 2020 WL 264399, at *3 (N.D. Cal. Jan. 1, 2020) (counting dismissal for failure to exhaust "clear from the face of complaint" as a strike pursuant to 28 U.S.C. § 1915(g)) (citing *El-Shaddai*, 833 F.3d at 1043–44); *Cruz v. Chappuis*,

  2) *Garrett v. Diaz, et al.*, Civil Case No. 3:19-cv-00510-CAB-MSB (S.D. Cal., May 10, 2019) (Order Denying IFP and Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)) (ECF No. 4); (S.D. Cal. Dec. 20, 2019 Order Granting Motion for Voluntary Dismissal based on Plaintiff's failure to amend) (ECF No. 15) (strike two);[3]

  3) *Garrett v. Madder, et al.,* Civil Case No. 2:19-cv-05206-AB-KES (C.D. Cal., West. Div., June 25, 2019) (Order Denying Request to Proceed without Prepayment of Filing Fee and finding Complaint subject to dismissal as frivolous) (ECF No. 9 at 1–3) (strike three);[4]

  4) *Garrett v. Madder, et al*., Ninth Circuit Court of Appeals Docket No. 19-55860 (Nov. 22, 2019) (Order Dismissing Appeal) ("Upon a review of the record and response to the Court's August 5, 2019 order, we conclude this appeal is frivolous.") (Dkt Entry No. 6 at 1) (strike four); and

  5) *Garrett v. Finander, et al.*, Civil Case No. 2:18-cv-10754-AB-KES (C.D. Cal., West. Div. Dec. 5, 2019) (Report and Recommendation to Grant Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF No. 43); (C.D. Cal., West Div. Feb. 5, 2020) (Order Accepting Report and Recommendation) (ECF No. 46), *aff'd* Ninth Cir. Court of Appeals Docket No. 20-55209 (Jan. 29, 2021) (Memorandum) (Dkt Entry No. 22-1 at 2) (citing *Albino*, 747 F.3d at 1169 (where a failure to exhaust is clear from the face of the complaint, a district court may dismiss for failing to state a claim)) (strike 5).

/ / /

---

Civil No. 2:19-cv-1467-WBS-EFB P, 2020 WL 1304396, at *1 n.1 (E.D. Cal. March 19, 2020) (Findings and Recommendations to Deny IFP pursuant to 28 U.S.C. § 1915(g) and noting one dismissal "qualifie[d] as a strike under *El-Shaddai* […] because plaintiff's failure to exhaust was clear from the face of the complaint."), *report and recommendation adopted*, 2020 WL 8614221 (E.D. Cal. Apr. 27, 2020).

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[4] The Central District of California's June 25, 2019 Order also concludes its dismissal amounted to Garrett's third strike under 28 U.S.C. § 1915(g), and counts both the Central and Southern District of California's previous dismissals in *Garrett v. Duncan*, Civil Case No. 2:02-cv-01923-ABC-SGL and *Garrett v. Diaz, et al.*, Civil Case No. 3:19-cv-00510-CAB-MSB as strikes one and two. *See Garrett v. Madder, et al.*, C.D. Cal. Civil Case No. 2:19-cv-05206-AB-KES, ECF No. 9 at 3.

Accordingly, because Garrett has, while incarcerated, accumulated more than three strikes pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915A(b)

The Court is also required to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, it must review prisoner complaints like Garrett's which "seek[] redress from a governmental entity or officer or employee of a government entity," and dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Thus, regardless of whether Garrett paid the full filing fee, or was eligible to proceed IFP, the Court's preliminary review of his Complaint reveals that this case is also subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is

duplicative of another civil rights Complaint he filed in the Southern District of California on March 15, 2019. *See Garrett v. Diaz, et al..*, S.D. Cal. Civil Case No. 3:19-cv-00510-CAB-MSB ("*Diaz I*") (ECF No. 1); *Bias*, 508 F.3d at 1225.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In *Diaz 1*, Plaintiff named the same RJD officials as Defendants as he does in this case, and he alleged the identical claims. *Compare* Compl., ECF No. 1 in 3:19-cv000510-CAB-MSB at 1–15, *with* Compl., ECF No. 1 in 3:21-cv00265-WQH-MDD at 1–16. In fact, Garrett concedes in his current Complaint that he "filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case," cites directly to *Garrett v. Diaz, et al.*, S.D. Cal. Civil Case No. 3:19-cv-00510-CAB-MSB, and attaches a copy of the Ninth Circuit's January 22, 2021 Order summarily affirming Judge Bencivengo's May 10, 2019 sua sponte dismissal of his Complaint in that case for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See* Compl. at 17–18 (concluding that "the questions raised in this appeal are so insubstantial as to not require further argument.").

Because Garrett admits and the Court has confirmed he has previously sought to bring the identical claims presented in the instant case against the same parties in *Diaz I,* it must also dismiss this duplicative and subsequently filed civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

/ / /

/ / /

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a), and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: July 28, 2021

Hon. William Q. Hayes
United States District Court