UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG K. GARRETT,<br><br>                    Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, Secretary of Corrections for CDCR; et al.,<br><br>                    Defendants. | Case No. 21cv265-WQH-MDD<br><br>**ORDER** |

The matter before the Court is the remand from the Court of Appeals for the Ninth Circuit for the limited purpose of allowing this Court to determine whether Plaintiff has filed a timely motion to reopen the time to appeal and, if so, to rule on the merits of the motion.

**I.  Background**

On February 11, 2021, Plaintiff Craig K. Garrett, a state prisoner proceeding pro se, initiated this action by filing a Complaint alleging violations of 42 U.S.C. § 1983. (ECF No.1).[1] On March 17, 2021, Garrett filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 3).

---

[1] Unless otherwise stated, all citations to ECF numbers refer to documents filed in the above-captioned district court docket.

On July 29, 2021, the Court issued an Order denying the Motion for Leave to Proceed IFP. (ECF No. 4). The Court stated: "[B]ecause Garrett has, while incarcerated, accumulated more than three strikes pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action." (*Id*. at 7 (citations omitted)). The Court further stated: "[R]egardless of whether Garrett paid the full filing fee, or was eligible to proceed IFP, the Court's preliminary review of his Complaint reveals that this case is also subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil rights Complaint he filed in the Southern District of California on March 15, 2019." (*Id*. at 7-8 (citing, *inter alia*, *Garrett v. Diaz, et al..*, S.D. Cal. Civil Case No. 19-cv-510-CAB-MSB)).

On August 2, 2021, the Clerk of Court issued Judgment. (ECF No. 5).

On September 13, 2021, Garrett filed a Notice of Appeal. (ECF No. 6).

On September 20, 2021, the Court of Appeals issued an order requiring Garrett to show cause why his appeal should not be dismissed for lack of jurisdiction "because the notice of appeal was not filed or delivered to prison officials within 30 days after entry of the district court's judgment." (Ninth Circuit Case No. 21-56004, ECF No. 2 at 1 (citations omitted)).

The Court of Appeals docket reflects that Garrett filed a response to the order to show cause stating that Garrett "received the district court's August 2, 2021 judgment over one month after its issuance." (Ninth Circuit Case No. 21-56004, ECF No. 5 at 2). Garrett's response was dated September 22, 2021 and filed on September 27, 2021. (*Id*. at 4-5).

On October 14, 2021, the Court of Appeals issued an Order stating:

> The notice of appeal, dated September 8, 2021, and filed in the district court on September 13, 2021, was not filed or delivered to prison officials within 30 days after entry of the August 2, 2021 judgment. Appellant's response to this court's September 20, 2021 order to show cause states that appellant did not receive the district court's judgment until one month after issuance. Appellant does not specify the exact date on which he received the judgment. Appellant's statement in the response to the order to show cause

may constitute a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

This appeal is remanded to the district court for the limited purpose of allowing that court to determine whether appellant's response, served on September 22, 2021, constitutes a timely motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) and, if so, to rule on the merits of the motion.

(ECF No. 10 at 1-2).

## II.     Legal Standard

Generally, a notice of appeal must be filed 30 days after the judgment is entered. *See* Fed. R. App. P. 4(a)(1)(A). A party who does not timely file a notice of appeal may seek to reopen the time to file an appeal under Rule 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[2]

---

[2] Federal Rule of Civil Procedure 77(d) provides, in relevant part:
    (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party….
    (2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).
Fed. R. Civ. P. 77(d).

"While Rule 4(a)(6) puts the burden on the moving party to demonstrate nonreceipt, the rule does not mandate a strong presumption of receipt." *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995). A party's "specific factual denial of receipt" is sufficient to rebut the presumption of receipt under the common law mailbox rule.[3] *Id.* at 796; *see also Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 964 n.7 (9th Cir. 2001) (same). "When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." *Nunley*, 52 F.3d at 796.

If a district court finds that the three conditions outlined in Rule 4(a)(6) are satisfied, the district court may, in its discretion, reopen the time to file an appeal. *See Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003). "[T]he merits of the potential appeal are not a permissible consideration" for a district court when exercising its discretion pursuant to Rule 4(a)(6). *Arai*, 316 F.3d at 1071.

### III. Discussion

The Court has considered Garrett's response to the Court of Appeals' order to show cause. (Ninth Circuit Case No. 21-56004, ECF No. 5). The response is entitled, "Motion to Show Cause; Request for Judicial Notice." (*Id.* at 1). In the response, Garrett states that he did not receive the August 2, 2021 Judgment within a month of issuance because, "as of August 3, 2021, [Garrett] had been hospitalized in two hospitals (Antelope Valley and Palmdale Regional) and ultimately transferred to the present prison hospital at the California Health Care Facility." (*Id.* at 2). The Court finds that, liberally construed, Garrett's "Motion to Show Cause; Request for Judicial Notice" constitutes a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally

---

[3] "Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Nunley*, 52 F.3d at 796 (citation omitted).

1 construed' ….") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2 So construed, the Court now considers the merits of Garrett's motion to reopen the time to appeal. Garrett has stated that he "received the district court's August 2, 2021 Judgment over a month after its issuance." (Ninth Circuit Case No. 21-56004, ECF No. 5 at 2). In the motion to reopen the time to appeal and the Notice of Appeal, Garrett details the circumstances of his transfer to hospitals on August 3, 2021 and August 14, 2021, his extended stay in the second hospital, and states that his hospital transfers resulted in Garrett not receiving the August 2, 2021 Judgment until "over a month after its issuance." (*See id*. at 2-4; ECF No. 6 at 2-9). The Court finds that Garrett has offered a "specific factual denial of receipt" of the Judgment prior to the expiration of the 30-day period for appeal. *Nunley*, 52 F.3d at 796. This is sufficient to rebut the presumption of receipt under the common law mailbox rule. *See id*. Accordingly, the Court finds that the first condition of Rule 4(a)(6) is satisfied. *See* Fed. R. App. P. 4(a)(6)(A) ("the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry").

Garrett states that he received the Judgment on an unspecified date "over a month after [the August 2, 2021 Judgment's] issuance." (Ninth Circuit Case No. 21-56004, ECF No. 5 at 2). Garrett states that "[o]nce [he] received the Court's August 2, 2021 [Judgment], he promptly filed a Notice of Appeal." (*Id*. at 2-3). The Notice of Appeal was dated September 8, 2021 and filed on September 13, 2021. (ECF No. 6). Garrett has adequately established that he received notice of the Judgment on September 8, 2021, the date he "promptly" delivered the Notice of Appeal to be filed. Garrett's motion to reopen the time to appeal was delivered to prison authorities for mailing to the Court of Appeals on September 22, 2021. (*See* Ninth Circuit Case No. 21-56004, ECF No. 5 at 5.) A filing by a prisoner is considered "filed at the time [the prisoner] deliver[s] it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, Garrett's motion to reopen the time to appeal was "filed within 180 days after the judgment … is entered or within 14 days after the moving party receives notice … of the entry,

whichever is earlier." Fed. R. App. P. 4(a)(6)(B). The second condition of Rule 4(a)(6) has been satisfied.

Plaintiff's Complaint was dismissed sua sponte pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A(b)(1). There is no indication in the record that any Defendant has been served with any filing in this action or Garrett's appeal. The Court finds that no party would be prejudiced by the granting of the motion to reopen the time to appeal. The third and final condition of Rule 4(a)(6) has been satisfied. *See* Fed. R. App. P. 4(a)(6)(C).

Having found that the conditions of Rule 4(a)(6) are satisfied, the Court is aware of no factors that would support exercising its discretion to deny the motion. The Court finds that granting the motion would advance the central purpose of Rule 4(a)(6), i.e., "to permit district courts to ease strict sanctions … imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment." *Nunley*, 52 F.3d at 797-98 (quotation omitted).

## IV. Conclusion

IT IS HEREBY ORDERED that Garrett's "Motion to Show Cause; Request for Judicial Notice" (Ninth Circuit Case No. 21-56004, ECF No. 5) constitutes a timely motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). The motion to reopen the time to appeal is granted. As directed by the Court of Appeals, Garrett does not need to file a new notice of appeal. (*See* ECF No. 10 at 2). The Clerk of the Court shall serve a copy of this Order on the Court of Appeals.

Dated: March 25, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court